**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JAVIER SALAZAR,

        Plaintiff,

v.                                                               Case No. 07-C-0238

NANETTE HEGERTY and AL MORALES,

        Defendants.

## DECISION AND ORDER

The plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. This matter comes before the court on: (1) plaintiff's motion to file an amended complaint; (2) plaintiff's motion to advance a decision; (3) defendants' motion for summary judgment; and (4) plaintiff's motion to stay all summary judgment proceedings.

### FACTUAL BACKGROUND

On December 17, 2007, the court issued two orders in this case. The first was an order granting both defendants' motion to dismiss the Milwaukee Police Department and plaintiff's motion to amend the scheduling order. The second was an amended scheduling order providing, in part, that the pleadings may be amended until January 21, 2008. The amended scheduling order also provided that dispositive motions were to be filed on or before April 21, 2008.

Plaintiff timely filed his motion to file an amended complaint and attached a proposed first amended complaint, as required by Civil L.R. 15.1 (E.D. Wis.).[1] The defendants filed a response indicating they had no objection to the plaintiff being allowed to file an amended complaint.

The plaintiff subsequently filed a motion on March 31, 2008, "to advance decision of plaintiff's motion to amend complaint and amend scheduling order." The defendants did not respond.

On April 21, 2008, the defendants filed a motion for summary judgment. In response, the plaintiff brought a motion to stay all summary judgment proceedings until the court entered a decision on his motion to file an amended complaint. The defendants objected to the plaintiff's motion, relying on the fact that they had filed their motion for summary judgment and expect to prevail.

## DISCUSSION

**Plaintiff's Motion to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by

---

[1] The December 17, 2007, amended scheduling order allowed pleadings to be amended until January 21, 2008. The plaintiff's motion to file an amended complaint is dated January 18, 2008, and was docketed on January 23, 2008. Nonetheless, this pleading is timely because the "mailbox rule states that papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of the amendment, etc. - the leave sought should,
> as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no evidence of any undue delay, bad faith or dilatory motive on the part of the plaintiff in bringing his motion to amend the complaint. In fact, the court's December 17, 2007 order contemplated plaintiff's amendment of his complaint. The court advised the plaintiff that if he wished to pursue his policy claim, he could request leave to amend the complaint to add the City of Milwaukee as a defendant. He has now done so. Moreover, the defendants did not object to the amendment of the plaintiff's complaint. For the foregoing reasons, the motion will be granted.

**Screening Plaintiff's First Amended Complaint**

The court screened the plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a) and allowed the plaintiff to proceed on all three of his claims. The court is also required to screen the plaintiff's amended complaint. 28 U.S.C. § 1915A(a). The plaintiff's amendments primarily involve elaborating the facts and adding specific parties who were involved in the facts underlying the complaint. Therefore, much of the analysis will be the same.

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when

-3-

it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell *Atlantic Corp. v. Twombly*, __, U.S. __, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under

color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**Parties**

The plaintiff is incarcerated at Waupun Correctional Institution (WCI), though the allegations in his first amended complaint relate to his arrest and detention by the Milwaukee Police Department (MPD). The plaintiff again names Nanette Hegerty, former MPD Chief, as a defendant. The plaintiff does not name Detective Al Morales as a defendant in his first amended complaint and, therefore, Detective Morales will be dismissed from this case.

The plaintiff adds the City of Milwaukee as a defendant. He also names five new defendants, Agustin Molina, Chad Wagner, Timothy Burkee, Michelle Formolo, and Rodney Klotka, all of whom are employees of the MPD. The plaintiff identifies defendant Agustin Molina and describes him as a detective employed by the MPD. However, the plaintiff's statement of facts and causes of action contain no references to any act or omission by Agustin Molina related to the plaintiff's claims. Therefore, Agustin Molina will be dismissed as a party to this litigation.

**Factual Allegations**

On September 16, 2003, the plaintiff was arrested by defendant Klotzka pursuant to a temporary felony warrant that was issued as a result of the plaintiff's alleged involvement in an armed robbery. According to the plaintiff, there was no probable cause to justify the issuance of the warrant. The plaintiff avers that

-5-

defendant Wagner received and reviewed the temporary felony warrant and approved it before entry into the computer database. He asserts that defendant Burkee also approved the request for the warrant and that defendant Formolo entered the warrant into the computer database. The plaintiff also alleges that defendants City of Milwaukee and Nanette Hegerty have a common routine or practice of issuing temporary felony warrants without probable cause.

The plaintiff claims that, following his arrest, he was transported to the Milwaukee Police Administrative Building where he was illegally detained for questioning. He also alleges that he was illegally detained from the date of his arrest, September 16, 2003, until he was formally charged with a crime on September 22, 2003.

The plaintiff complains that, as a result of these constitutional violations he suffered the deprivation of his personal liberty, extreme emotional distress and mental anguish resulting in physical injury and loss of personal property valued over $1,000. For relief, the plaintiff demands declaratory judgment and compensatory and punitive damages.

**Fourth Amendment Claims**

The plaintiff alleges that the defendants violated his Fourth Amendment right to be free from unreasonable search and seizure in two ways. First, the plaintiff asserts his arrest was unlawful because it was made without probable cause. Second, the plaintiff makes a false imprisonment claim for his detention between his

arrest on September 16, 2003, and September 22, 2003, when he was charged with a different crime.

Under the Fourth Amendment, plaintiff enjoys a right to be free from arrest without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Law enforcement officials have probable cause to arrest the plaintiff if, "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that [plaintiff] had committed or was committing an offense." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)(citation omitted).

False imprisonment claims are also cognizable under the Fourth Amendment. *See Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). However, the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest and false imprisonment. *Id.*

The court notes that a plaintiff may not maintain a § 1983 action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. *McCann v. Neilsen*, 466 F.3d 619, 620-21 (7th Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). It is irrelevant whether the plaintiff intends to challenge his conviction; "if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Ryan v. DuPage County*

-7-

Case 2:07-cv-00238-JPS   Filed 07/17/08   Page 7 of 11   Document 41

*Jury Com'n*, 105 F.3d 329, 330-31 (7th Cir. 1996) (per curiam)). In *Okoro*, the plaintiff was convicted of dealing heroin following a search that recovered heroin in his home. *Okoro*, 324 F.3d at 489. His defense had been that he was not selling drugs but gems and that the officers stole the gems during the search. *Id.* His § 1983 suit was *Heck*-barred because his specific allegations – that the defendant officers violated his civil rights by illegally seizing his gems – were inconsistent with the validity of his heroin conviction. *Id.* at 490.

In this case, the plaintiff asserts that his arrest was not supported by probable cause and that he was unlawfully detained. His complaint does not indicate whether the arrest and detention complained of led to a conviction. Thus, at this stage, the court cannot determine whether judgment in the plaintiff's favor would necessarily imply the invalidity of his criminal conviction. In *Heck*, the Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 309-08 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, *see Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986), which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

-8-
Case 2:07-cv-00238-JPS   Filed 07/17/08   Page 8 of 11   Document 41

512 U.S. at 487 n.7. Accordingly, the plaintiff may proceed on his claims for unlawful arrest and false imprisonment under the Fourth Amendment.

**Policy Claim**

The court notes that the plaintiff has made no showing that defendants City of Milwaukee and Hegerty were personally involved in his arrest, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). However, the plaintiff may establish liability on the part of defendants City of Milwaukee and Hegerty if he can show that there is a custom or policy that contributed to the constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594-95 (7th Cir. 2003).

> Unconstitutional policies or customs case take three forms:
>
> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Id.* (quoting *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999)). In the present case, the plaintiff contends that the defendants employ a policy of issuing arrest warrants without probable cause. *See Beck*, 379 U.S. at 91. Thus, the plaintiff has arguably stated a policy claim.

**Additional Motions**

There are three other motions pending before the court: (1) plaintiff's motion to advance a decision; (2) defendants' motion for summary judgment; and (3) plaintiff's motion to stay all summary judgment proceedings. All of these motions are rendered moot by the court's decision regarding plaintiff's motion to file an amended complaint. Therefore, they will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to file an amended complaint (Docket #30) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Detective Al Morales be and is hereby **DISMISSED** as a party to this litigation.

**IT IS FURTHER ORDERED** that Detective Agustin Molina be and is hereby **DISMISSED** as a party to this litigation.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the January 23, 2008, first amended complaint, the summons, and this order pursuant to Federal Rule of Civil Procedure 4 upon the following defendants: City of Milwaukee, Nanette Hegerty, Chad Wagner, Capt. Timothy Burkee, Rodney Klotzka, and Michelle Formolo. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee of waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

-10-

Case 2:07-cv-00238-JPS   Filed 07/17/08   Page 10 of 11   Document 41

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the first amended complaint.

**IT IS FURTHER ORDERED** that the parties are relieved of the deadlines established in Docket Entry No. 29, Order of December 17, 2007.

**IT IS FURTHER ORDERED** that the plaintiff's motion to advance decision (Docket #33) be and is hereby **DENIED**, as **MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #34) be and is hereby **DENIED**, as **MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay all summary judgment proceedings (Docket #37) be and is hereby **DENIED,** as **MOOT.**

Dated at Milwaukee, Wisconsin, this 17th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge